IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

THOMAS SULLIVAN,

                Plaintiff,

v.                                            CIVIL ACTION NO. 3:11-0923

JOHN/JANE DOE unknown driver,
individually and LINDE LLC, a
foreign corporation,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff Thomas Sullivan's Petition for Remand to send this action back to the Circuit Court of Wayne County, West Virginia, and for an award of attorney's fees and costs. Plaintiff asserts that the amount in controversy does not exceed $75,000 as provided under 28 U.S.C. § 1332(a). Defendant Linde LLC contends that the amount in controversy exceeds the jurisdictional threshold. After reviewing the Complaint and the legal memoranda, the Court concludes Defendant has failed to meet its burden to show that the requisite amount is in controversy and, therefore, **GRANTS** Plaintiff's motion to remand. [ECF No. 7].

**I.
DISCUSSION**

Defendant removed this case to federal court pursuant to 28 U.S.C. § 1441, and based jurisdiction upon 28 U.S.C. § 1332, which permits cases to be brought in federal court if the case involves citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. The sole issue raised by Plaintiff is whether the $75,000 amount in controversy is satisfied.

This case arises from a vehicle-pedestrian accident in which Plaintiff alleges he was hit by a tractor trailer truck operated by an unknown employee of Defendant. Plaintiff states he was knocked to the ground, suffering injuries, but the driver of the truck did not stop and left the scene of the accident. In his Complaint, Plaintiff requests damages for personal injuries; medical care; pain and suffering; diminished capacity to enjoy life; annoyance, inconvenience, humiliation, and embarrassment; household services; and lost past and future wages and earning capacity. Plaintiff makes no request for punitive damages, and he specifically states his "claim is less then [sic] $74,000.00 Dollars." *Compl.*, at 3. Although Defendant argues these damages exceed the $75,000 benchmark, the Court finds Defendant has failed to meet its burden of proof.

In a removal action, the defendant bears the burden of proving by a preponderance of the evidence that the claims exceed the jurisdictional amount. *McCoy v. Erie Ins. Co.*, 147 F. Supp.2d 481, 489 (S.D. W. Va. 2001); *Mullins v. Harry's Mobile Homes, Inc.,* 861 F. Supp. 22, 23-24 (S.D. W. Va. 1994). In order to satisfy this burden, "a defendant must offer more than a bare allegation that the amount in controversy exceeds $75,000. Rather, the defendant seeking removal must supply evidence to support his claim regarding the amount at issue in the case." *Sayre v. Potts*, 32 F. Supp. 2d 881, 886 (S.D. W. Va. 1999) (citations omitted).

In West Virginia, "an *ad damnum* clause that seeks an amount below the jurisdictional threshold is not, in and of itself, enough here to deny federal jurisdiction." *Strawn v.*

*AT&T Mobility, Inc*., 513 F. Supp.2d 599, 603 (S.D. W. Va. 2007)[1] (citing *McCoy v. Erie Ins. Co.*, 147 F. Supp.2d at 484-86).[2]  Instead, in adjudicating the amount in controversy, "the court may look to the entire record before it and make an independent evaluation as to whether or not the jurisdictional amount is in issue." *White v. J.C. Penney Life Ins. Co.*, 861 F. Supp. 25, 27 (S.D. W. Va. 1994) (*citing* 14A Wright & Miller, *Federal Practice and Procedure*, § 3725 (1985)).  A court may look to:

> the type and extent of the plaintiff's injuries and the possible damages recoverable therefore, including punitive damages if appropriate. . . .  Another factor for the court to consider would be the expenses or losses incurred by the plaintiff up to the date the notice of removal was filed.  The defendant may also present evidence of any settlement demands made by the plaintiff prior to removal although the weight to be given such demands is a matter of dispute among courts.

*McCoy,* 147 F. Supp.2d at 489 (internal quotation marks and citations omitted).  In making this determination, the court "is not required to leave its common sense behind." *Mullins v. Harry's Mobile Homes, Inc.,* 861 F. Supp. at 24.

---

[1] *Rev'd on other grounds*, 503 F.3d 293 (4th Cir. 2008).

[2] The Court in *Strawn* recognized that the United States Supreme Court previously stated in *dicta* that a plaintiff may "'resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove.'" *Id*. at 602 (quoting *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 294 (1938)).  Many courts have found this *dicta* establishes "'a bright-line rule compelling remand where a specific sum less than the jurisdictional amount is stated.'" *Id*. at 602-03 (quoting *McCoy*, 147 F. Supp.2d at 484). However, the statement in *Red Cab* was based upon the assumption that a plaintiff was bound by the amount asserted in the *ad damnum* clause. *Id*. at 603 (citation and footnote omitted).  This assumption is not true under West Virginia law. *Id*.

In this case, Plaintiff asserts his medical bills are only $5,461.00,[3] and he made a settlement offer of $30,366.00.[4] He also specifically states in the Complaint that the damages will not exceed $74,000.00. While neither his offer of settlement nor the *ad damnum* clause are binding, both of these figures, and the amount of special damages Plaintiff is claiming, are significantly lower than the jurisdictional amount and support Plaintiff's argument for remand. In addition, Defendant has not offered any evidence sufficient to support its claim that the amount in controversy exceeds $75,000. Moreover, although Plaintiff may request punitive damages at some point in the future, he has not made a claim for such damages at this point in time and, even if he does, Defendant still has failed to show the amount in controversy would be sufficient to establish federal jurisdiction. Therefore, the Court agrees with Plaintiff that the case should be remanded.

Turning next to the issue of whether Plaintiff should be awarded fees and costs associated with remand, the Court recognizes it has discretion to order Defendant to pay such amounts in connection with the removal and remand. 28 U.S.C. § 1447 (providing, in part, "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal"). "[A]n award of fees under § 1447(c) is left to the district court's discretion, with no heavy congressional thumb on either side of the scales[.]" *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 139 (2005). "The appropriate test for awarding fees

---

[3] In his settlement demand letter, Plaintiff's medical treatment totals 6,366.00. Plaintiff states in his Petition for Remand that his medical treatment totaled $5,461.00. The reason for the discrepancy is unclear. Nevertheless, the difference in the amounts does not change this Court's decision.

[4] In his Memorandum, Plaintiff states he demanded $28,934.75. However, the actual letter reflects a demand of $30,366.00.

-4-

under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Id*. at 140. In the end, reasonableness is the standard by which the request must be evaluated. *Id*. "Absent unusual circumstances, courts may award attorneys' fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Id*. (citations omitted). Although the Court in this case finds Defendant has failed to prove subject matter jurisdiction, the Court does not find that Defendant's decision to remove this case from state court was objectively unreasonable or contrary to well-settled law. Consequently, the Court **DENIES** Plaintiff's request for fees and costs.

## II.
## CONCLUSION

Thus, in sum, the Court finds Defendant has failed to show by a preponderance of the evidence an amount in controversy that exceeds $75,000.00, but **DENIES** Plaintiff's request for attorney's fees and costs. Accordingly, the Court **GRANTS** Plaintiff's motion and **REMANDS** this action the Circuit Court of Wayne County, West Virginia.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: January 24, 2012

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE